Errick E. PAYTON–BEY,
Plaintiff–Appellant,

v.

Steve HARRINGTON, Defendant–
Appellee.

No. 02–1299.

United States Court of Appeals,
Sixth Circuit.

Sept. 20, 2002.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; and WISEMAN, District Judge.*

*ORDER*

Errick E. Payton–Bey, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In his complaint, Payton–Bey sues Ionia Maximum Correctional Facility Corrections Officer Steve Harrington, claiming

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

that Harrington assaulted him without provocation on June 11, 1998, and used excessive force against him all in violation of his Eighth Amendment rights against cruel and unusual punishment. The district court granted summary judgment for the defendant in an opinion filed February 12, 2002. This timely appeal followed.

Upon review, we conclude that the district court properly granted summary judgment for defendant Harrington on Payton–Bey's Eighth Amendment claim. This court reviews de novo a district court order granting summary judgment. *See Peck v. Bridgeport Machs., Inc.*, 237 F.3d 614, 617 (6th Cir.2001). Since granting Payton–Bey his requested relief would call into question the validity of the disciplinary conviction he received regarding the incident, his Eighth Amendment claim is not cognizable under § 1983. A prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction. *Huey v. Stine*, 230 F.3d 226, 230–31 (6th Cir. 2000). Because a favorable ruling on Payton–Bey's Eighth Amendment claim would imply the invalidity of his disciplinary conviction, this claim is not cognizable. *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Huey*, 230 F.3d at 230.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.